UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBIN A. MARTIN,

          Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

**DECISION AND ORDER**

6:18-CV-06365 EAW

## INTRODUCTION

Represented by counsel, plaintiff Robin A. Martin ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Dkt. 13), and Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) (Dkt. 15). For the reasons discussed below, Defendant's motion (Dkt. 15) is denied and Plaintiff's motion (Dkt. 13) is granted. The matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**BACKGROUND**

Plaintiff protectively filed her applications for DIB and SSI on November 4, 2014. (Dkt. 12-2 at 11; Dkt. 12-3 at 2, 12).[1] In her applications, Plaintiff alleged disability beginning July 1, 2012, due to obsessive compulsive disorder, high blood pressure, carpal tunnel, chronic lower back pain, depression, anxiety, pancreatitis, gastritis, chronic bronchitis, left shoulder pain, and insomnia. (Dkt. 12-2 at 11; Dkt. 12-3 at 2-3, 12-13). Plaintiff's applications were initially denied on April 23, 2015. (Dkt. 12-2 at 11; Dkt. 12-3 at 2-23). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Shawn Bozarth on May 22, 2017, in Binghamton, New York. (Dkt. 12-2 at 11, 25-58). At the hearing, Plaintiff amended her alleged onset date to March 9, 2015. (Dkt. 12-2 at 29). On July 24, 2017, the ALJ issued an unfavorable decision. (Dkt. 12-2 at 8-24). Plaintiff requested Appeals Council review; her request was denied on March 22, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 2-7). This action followed.

**LEGAL STANDARD**

**I.    District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C.

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

§ 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I.     The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017.  (Dkt. 12-2 at 13).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since March 9, 2015, the amended alleged onset date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairment of fibromyalgia.  (*Id*.).  The ALJ also found that Plaintiff suffered from the nonsevere impairments of bilateral carpal tunnel syndrome, trigger finger, depression, anxiety, and obsessive-compulsive disorder.  (*Id.* at 14).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 16).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations:

> [Plaintiff] should not perform more than occasional fine manipulations, such as repetitive hand-finger actions, fingering, or feeling with the left hand.  She retains the ability to grasp, hold, turn, raise, and lower objects with either hand.  [Plantiff] should have no more than occasional respiratory irritants such as dust, odors, fumes, and gases.  [Plaintiff] would further be limited to occasional reaching above her shoulder with her left upper extremity, but would retain the ability to reach forward and laterally with the left upper extremity frequently.  [Plaintiff] should also work in a low stress job defined

as one requiring occasional decision-making, judgment, and changes in the work setting.

(*Id.* at 16).  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 18).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of usher, counter clerk, and furniture rental consultant.  (*Id.* at 19).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 20).

## II.     Remand of this Matter for Further Proceedings Is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner.  (Dkt. 13-1 at 10).  Plaintiff contends that the ALJ failed to properly rely on opinion evidence when making the RFC finding by giving partial/some weight to the only medical source statement of record regarding Plaintiff's physical capacity.  (*Id.* at 5-9).  For the reasons set forth below, the Court finds that the ALJ erred in failing to further develop the record by obtaining opinion evidence from an acceptable medical source, and determined Plaintiff's RFC based on his own interpretation of the medical record.  This error necessitates remand for further administrative proceedings.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision."  *Id.*

However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from "playing doctor" in the sense that an ALJ may not substitute his own judgment for competent medical opinion. This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (quotation and citation omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

The ALJ assessed Plaintiff's physical RFC after affording the opinion of consultative examiner Dr. Rita Figueroa partial/some weight because "it is not overall consistent with the record as it suggests the claimant can work at a higher exertional level" and "does not sufficiently account for the chronicity of the claimant's fibromyalgia and the likely effect that [could] have on her functioning." (Dkt. 12-2 at 18). Other than the opinion of Dr. Figueroa, there is no opinion evidence in the record related to Plaintiff's physical impairments. (*See* Dkt. 12-2 at 16-18).

It was proper for the ALJ to give Dr. Figueroa's opinion partial/some weight. Plaintiff had not yet been diagnosed with fibromyalgia when Dr. Figueroa conducted her examination of Plaintiff (Dkt. 12-7 (opinion from April 8, 2015 consultative exam of Dr. Figueroa); Dkt. 12-8 at 92 (notes diagnosing Plaintiff with fibromyalgia on January 28, 2016)), and as a result Dr. Figueroa's opinion did not take Plaintiff's fibromyalgia

diagnosis into account. However, giving less weight to Dr. Figueroa's opinion left the record devoid of any medical opinion regarding Plaintiff's physical functioning that accounted for Plaintiff's fibromyalgia, creating a gap in the record that the ALJ had a duty to fill. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996); *Calero v. Colvin*, No. 16 Civ. 6582 (PAE), 2017 WL 4311034, at *9 (S.D.N.Y. Sept. 26, 2017); *Falcon v. Apfel*, 88 F. Supp. 2d 87, 91 (W.D.N.Y. 2000).

The ALJ in this case erred in assessing Plaintiff's RFC after affording Dr. Figueroa's opinion partial/some weight and without further developing the record. The ALJ here acknowledged that the evidence suggested Plaintiff was more limited than what Dr. Figueroa opined and gave Dr. Figueroa's opinion partial/some weight, stating that her opinion "does not sufficiently account for the chronicity of [Plaintiff]'s fibromyalgia and the likely effect that [could] have on her functioning." (Dkt. 12-2 at 18). The ALJ then crafted an RFC determination relying primarily on Plaintiff's treatment records. The Court is cognizant that "when the medical evidence shows only minor physical impairments," an ALJ may assess the RFC using "common sense judgment about functional capacity even without a physician's assessment." *Jaeger-Feathers v. Berryhill*, No. 1:17-CV-06350(JJM), 2019 WL 666949, at *4 (W.D.N.Y. Feb. 19, 2019) (quotations and citations omitted). This is not one of those cases. The ALJ found that the evidence supporting Plaintiff's diagnosis of fibromyalgia—which under the regulations must meet certain requirements to qualify as a medically determinable impairment—was favorable enough to qualify as a severe impairment. (Dkt. 12-2 at 13-15). However, "the ALJ then failed to make a proper assessment, as part of his RFC determination, as to how Plaintiff's

fibromyalgia and its symptoms would affect Plaintiff's ability to work." *Baker v. Berryhill*, No. 17CV8433 (AT) (DF), 2019 WL 1062110, at *32 (S.D.N.Y. Feb. 19, 2019), *report and recommendation adopted*, No. 17CIV8433ATDCF, 2019 WL 1059997 (S.D.N.Y. Mar. 6, 2019). In the RFC assessment, the ALJ made a cursory mention of Plaintiff's diagnosis with fibromyalgia, as well as noted that Dr. Figueroa failed to take the severe impairment into account, but otherwise does not mention fibromyalgia or its impacts on Plaintiff. (*See* Dkt. 12-2 at 16-18). The ALJ does discuss Plaintiff's symptoms of pain; however, the ALJ found, without relying on any opinions, that Plaintiff's "treatment has been relatively conservative overall," and that "when considering the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms, it would not result in significant limitations." (*Id.* at 18). It is error for an ALJ to make this type of determination without relying on an underlying medical opinion of record. *See Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding the ALJ's RFC finding was improper "[i]n the absence of the medical opinions rejected by the ALJ" and where the ALJ relied upon "raw medical data" in the plaintiff's treatment notes).

Defendant contends that an ALJ's RFC finding does not have to "directly track any medical opinion" as long as it is consistent with the findings in the treatment records. (Dkt. 15-1 at 12). While this is a correct statement of the law, it is irrelevant here, where there was only one medical opinion regarding Plaintiff's physical limitations, which was rejected in relevant part by the ALJ. In other words, the error in this case is not that the RFC finding

does not perfectly correspond to a particular medical opinion, it is that there was no useful medical opinion at all regarding Plaintiff's fibromyalgia.

Defendant's reliance on *Monroe v. Commissioner of Social Security*, 676 F. App'x 5 (2d Cir. 2017), is misplaced. That case stands for the proposition that the record need not contain a formal medical source statement or opinion if it otherwise contains a useful assessment of a claimant's functional abilities from a medical source. *See Monroe*, 676 F. App'x at 8-9 ("Not only do Dr. Wolkoff's notes include descriptions of [the plaintiff]'s symptoms, but they also provide contemporaneous medical assessments of [the plaintiff]'s mood, energy, affect, and other characteristics relevant to her ability to perform sustained gainful activity."). As another judge in this District recently explained, "[w]here the record does not contain a useful assessment of Plaintiff's physical limitations, *Monroe* is of no help to the Commissioner." *Bartha v. Comm'r of Soc. Sec.*, No. 18-CV-0168-JWF, 2019 WL 4643584, at *3 (W.D.N.Y. Sept. 24, 2019) (quotation omitted). In this case, the record "is devoid of any assessment of plaintiff's exertional limitations" that consider her severe impairment of fibromyalgia, "and does not even contain any useful discussion of such limitations." *Id*. at *2. On these facts, the Court cannot find that the ALJ's RFC assessment is supported by substantial evidence. As such, remand of this matter for further administrative proceedings is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 13) is granted and the matter is remanded for further administrative proceedings. Defendant's

motion for judgment on the pleadings (Dkt. 15) is denied.  The Clerk of Court is directed

to enter judgment and close this case.

       SO ORDERED.

                                   ELIZABETH A. WOLFORD
                                   United States District Judge

Dated:  March 20, 2020
       Rochester, New York